ALD-159                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3020
_____

MIAN SHAHID,
                    Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                    Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A090 669 564)
Immigration Judge:  Honorable Kuyomars Golparvar
_____

Submitted on Motion to Dismiss for Lack of Jurisdiction or, Alternatively, to Summarily
Deny the Petition for Review
April 11, 2019
Before:  MCKEE, SHWARTZ and BIBAS, Circuit Judges

(Opinion filed:  June 18, 2019)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding
precedent.

Mian Shahid petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of a decision of an Immigration Judge ("IJ") denying his applications for relief from removal. For the reasons that follow, we grant the Government's motion to summarily deny the petition for review.

Shahid is a native and citizen of Pakistan. He entered the United States in 1985 and adjusted his status to a lawful permanent resident in 1990. Shahid was convicted of a firearms offense in 1994 and of unlawfully transferring a Social Security card in 2004. Removal proceedings were brought in 2006 based on the firearms offense and Shahid was released on bond. In 2009, he was convicted of wire fraud, identity fraud, and other crimes and sentenced to nine years in prison. Shahid's immigration proceedings were administratively closed as a result. In 2014, the Government filed additional removal charges based on Shahid's other convictions. It charged that he had committed an aggravated felony and two crimes involving moral turpitude. The case was ultimately re-calendared and an IJ sustained the removal charges.

Shahid sought relief from removal and applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). He also sought a waiver of inadmissibility pursuant to 8 U.S.C. § 1182(h) in connection with an application to readjust his status. The IJ found Shahid ineligible for asylum and withholding of removal, found him not credible, and denied his remaining claims for relief based on the adverse credibility finding. The IJ also denied a waiver and deferral of removal under the CAT even assuming he was credible.

2

On appeal, the BIA affirmed the adverse credibility determination. The BIA found that the record supported the inconsistencies cited by the IJ regarding incidents in Pakistan upon which his claim was based.[1] The BIA also agreed with the IJ that Shahid's testimony about his criminal history conflicted with the documentary evidence. In addition, the BIA affirmed the denial of a waiver and the IJ's decision that Shahid did not meet his burden of proof for deferral of removal under the CAT.

Shahid filed a petition for review. The Government moves to dismiss the petition for lack of jurisdiction or, alternatively, to summarily deny it.

We have jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252(a). Our jurisdiction here is limited to constitutional claims and questions of law because Shahid was found removable for having committed an aggravated felony. See 8 U.S.C. § 1252(a)(2)(C),(D). The Government asserts that Shahid has not presented a colorable constitutional claim or legal question for our review. We conclude that the issues raised in his brief are sufficient to invoke our jurisdiction, but that these issues are without merit.

Shahid contends that the BIA applied an unauthorized standard in upholding the IJ's adverse credibility determination. He asserts that the REAL ID Act allows a trier of fact to base a credibility determination on, among other things, "the inherent plausibility of the applicant's or witness's account," 8 U.S.C. § 1158(b)(1)(B)(iii), and that the only reasonable interpretation of this provision is that the applicant must have personal

---

[1]The BIA explained that Shahid's testimony conflicted with his wife's testimony as to the timing of a visit when she and their children were held hostage in Pakistan, and as to an incident that occurred when his wife visited Pakistan in 2015. The BIA also stated that Shahid's testimony about the 2015 incident was inconsistent with a police report.

knowledge of the facts to which he testifies. Shahid states that the IJ relied on inconsistencies between his testimony and his wife's testimony about harm his wife suffered in Pakistan of which he has no personal knowledge. He states that his testimony may have been unreliable, but it does not support a finding that he is not credible.

As the Government asserts, the consistency of an applicant's statements with other evidence of record is a factor upon which a credibility determination may be based. 8 U.S.C. § 1158(b)(1)(B)(iii). The BIA found the inconsistencies noted by the IJ supported by the record and, while it recognized Shahid's assertion that he was not personally involved in the incidents, it stated that it found no error in the IJ's determination that it was reasonable to expect him to have a general understanding of these events. Shahid has not shown that the BIA applied an improper legal standard in relying on the inconsistent testimony.[2]

Shahid also contends that his due process rights were violated. Although his argument is somewhat unclear, he asserts that the BIA improperly rejected all of his testimony because it believed that he "had a pervasive history of being untruthful in criminal court proceedings over the span of nearly 20 years." Pet'r's Brief at 20. He asserts that the Federal Rules of Evidence are instructive, that they allow a person's criminal history to be used for impeachment purposes, but that there are limits on the admission of convictions over 10 years old. He argues that the BIA improperly used

---

[2]Because our jurisdiction is limited to the review of constitutional claims and legal questions, we do not consider whether the record supports the adverse credibility finding. See Chen v. Gonzales, 434 F.3d 212, 216 (3d Cir. 2005) (adverse credibility decisions are factual findings).

convictions that were more than 10 years old to support the adverse credibility determination.

The BIA, however, merely agreed with the IJ that Shahid's credibility was undermined because he gave misleading testimony at his hearing about his criminal history. The BIA stated that Shahid tried to downplay the significance of his criminal proceedings in 2000 for human smuggling, that he tried to evade responsibility when asked about his fraud convictions, and that his misleading testimony was consistent with a decision reflecting that he had lied in federal court in the past. The BIA agreed with the IJ that he lacked candor. Shahid has not shown a due process violation based on the BIA's decision that this testimony supports an adverse credibility finding.

Shahid also contends that the agency's reliance on testimony that was not based on his personal knowledge violated his due process rights. As discussed above, Shahid has not shown a legal error in this regard. In addition, Shahid provided his testimony, his wife's testimony, and the police report to support his claim for relief from removal. He has not shown a due process violation based on the determination that inconsistencies in the evidence support an adverse credibility finding.

Finally, Shahid argues that the BIA's reliance on a flawed adverse credibility determination compromised how it assessed his claim for relief under the Convention Against Torture. He contends that, due to the adverse credibility finding, the BIA refused to consider past events in determining whether he met his burden of proof. The BIA stated that, in light of its affirmance of the adverse credibility finding, it was not persuaded that the IJ failed to sufficiently consider evidence of past harm. Shahid has not

5

shown that the adverse credibility determination is flawed. In addition, the BIA also upheld the denial of CAT relief on the ground that Shahid had not pointed to objective evidence supporting his claim.

Accordingly, we grant the Government's motion to the extent it seeks the summary denial of the petition for review because the petition does not present a substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.